UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROSA LISBETH PACHEO GAYTAN,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-04465-NW

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**

Re: ECF Nos. 1, 2

This habeas action concerns the detention of Rosa Lisbeth Pacheo Gaytan, a noncitizen who was removed from the United States in 2000 and subsequently re-entered the country. For the reasons explained below, the Court DISMISSES the petition for writ of habeas corpus and DENIES Petitioner's motion for a temporary restraining order.[1]

**I.     BACKGROUND**

Petitioner first entered the United States in 1989. ECF No. 8-1 at 22. In 2000, she was convicted for a controlled substance crime and removed to Mexico shortly thereafter. *Id*. at 23–24; *see also* ECF No. 1 ¶ 2. The instant habeas petition indicates that Petitioner re-entered the United States without inspection that same year. ECF No. 1 ¶ 2.

On May 22, 2026, Homeland Security Investigations identified Petitioner while conducting targeted immigration enforcement at the Pleasant Valley California State Prison. ECF No. 8-1 at 2. According to her petition, when she arrived at the facility to visit a friend, Petitioner was

---

[1] In setting a briefing schedule on the habeas petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together. ECF No. 7. Neither party objected to this process in their response. ECF No. 8 at 1 ("Respondents asks the Court to resolve the petition on the merits"); ECF No. 9 at 2 ("Petitioner is amenable to the Court ruling directly on the Petition for Writ of Habeas Corpus").

detained and arrested by ICE. *Id*. ¶ 4. That same day, Respondents reinstated Petitioner's prior order of removal, issued a Warrant of Removal, and detained Petitioner. *Id*. Petitioner alleges that this arrest was warrantless (*see id*. ¶¶ 4, 90), but Respondents submitted a document titled "Warrant of Removal/ Deportation" issued on May 22, 2026 by an immigration officer, and seemingly signed by Petitioner. ECF No. 8-1 at 6–7.

Petitioner filed the instant petition for writ of habeas corpus and motion for a temporary restraining order on June 10, 2026, seeking immediate release. ECF No. 1 at 19. Respondents submitted an opposition to both the petition and motion on June 14, 2026. ECF No. 8. Petitioner filed a reply on June 16, 2026. ECF No. 9.

## II.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Petitioner brings three claims for relief: (1) that her detention without a finding that she is a flight risk or danger to the community violated her substantive due process rights, (2) that her detention without a hearing prior to her detention violated her procedural due process rights, and (3) that her detention without a warrant violated her procedural due process rights. ECF No. 1 ¶¶ 79–94. Respondents argue that all three of these claims fail because Petitioner's detention is lawful under 8 U.S.C. § 1231(a)(2). *See* ECF No. 8 at 1. The Court agrees.

2

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). In reply, Petitioner contends that 8 U.S.C. § 1226(a)—which provides for a bond hearing—controls her detention, thus entitling her to release and a pre-deprivation hearing if Respondents wish to re-detain her. ECF No. 9 at 4–5. Respondents disagree, arguing that Petitioner may be mandatorily detained under 8 U.S.C. § 1231(a)(2), which allows the Government to detain an individual for 90-days following the issuance of a final order of removal. ECF No. 8 at 2–3; *see also* 8 U.S.C. § 1231(a)(1)(A), (a)(2).

"For noncitizens who are 'already in the country,' § 1226 authorizes detention 'pending the outcome of removal proceedings' in certain circumstances." *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973, 994 (N.D. Cal. 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). "Section 1231 applies once a removal order becomes final, and provides for mandatory detention during a 90-day removal period … after which continued detention pending removal is discretionary." *Aguilar v. Durfor*, No. 18-CV-03684-JSC, 2018 WL 3659271, at *3 (N.D. Cal. Aug. 2, 2018) (citing 8 U.S.C. § 1231(a)(1), (6)). The primary issue then here is whether Petitioner is subject to a final order of removal.

Under 8 U.S.C. § 1231(a)(5),

> [i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). Here, records submitted by Respondents indicate that Petitioner was convicted of a controlled substance-related crime in the late 80s, signed a removal order on April 18, 2000, and was removed to Mexico. ECF No. 8-1 at 22–24, 29. According to her petition, she then re-entered the United States in 2000. ECF No. 1 ¶ 2. When immigration authorities became

aware of Petitioner's presence in the United States, they reinstated her prior order of removal on May 22, 2026. ECF No. 8-1 at 2. As such, Petitioner's removal order became administratively final when it was reinstated. *See Castillo v. Chestnut*, No. 1:25-cv-1296-SAB, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026) (finding that "the removal period began to run on … the date that Petitioner's removal order was reinstated after his reentry into the United States"); *Rodriguez-Garcia v. Warden, FCI-Herlong*, No. 2:23-cv-0849-TLN-SCR, 2025 WL 3089355, at *4 (E.D. Cal. Nov. 5, 2025) ("Accordingly, the court finds that a reinstated order of removal … becomes final immediately upon issuance."), *report and recommendation adopted*, 2026 WL 257636 (E.D. Cal. Jan. 30, 2026). Under § 1231, a noncitizen with a final order of removal is subject to mandatory detention for at least ninety days. 8 U.S.C. §§ 1231(a)(1)(A), (2)(A).

Petitioner does not address this reinstated order of removal in her Petition. Rather, for the first time on reply, she argues that this reinstated removal order is invalid because the original "Final Administrative Removal Order"—which was signed by Petitioner and executed over twenty-six years ago—is "defective" and "[P]etitioner was improperly removed under INA section 238(b)." ECF No. 9 at 4. In other words, she contends that because her initial removal twenty-six years ago was allegedly unlawful, she may not be detained based on a reinstated order of that unlawful removal. *Id*.

The Court rejects this argument. As an initial matter, Petitioner does not cite any authority for the proposition that a court may disregard a reinstated order of removal based on its own assessment that a prior removal order was invalid. Regardless, the Court "need not consider arguments raised for the first time in a reply brief" as Petitioner did not raise any claims with respect to the 2000 removal in her petition. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also Egorkin v. Field Off. Dir., ICE ERO Los Angeles*, No. CV 26-2071-DMG (RAO), 2026 WL 928624, at *2, n.5 (C.D. Cal. Apr. 3, 2026) (refusing to grant release where request was raised first time on reply); *Ramirez v. LaRose*, No. 25-CV-3257-JES-VET, 2025 WL 3493567, at *3 (S.D. Cal. Dec. 5, 2025) (refusing to consider argument that petitioner was a class-member under *Bautista v. Santacruz* as it was raised for the first time on reply).

Petitioner further argues that release is still warranted because her arrest was "warrantless."

4

ECF No. 9 at 4–5. To get around the fact that there appears to have been a "Warrant of Removal/Deportation" (which bears Petitioner's signature) (*see* ECF No. 8-1 at 6), Petitioner seems to argue that the Government was required to issue an 8 U.S.C. § 1226(a) warrant prior to arresting her, and its failure to do so justifies her release. ECF No. 9 at 4. As explained above, Petitioner is not subject to 8 U.S.C. § 1226(a), and is, therefore, not entitled to the procedures that flow from it.

Given that Petitioner has a final reinstated order of removal, 8 U.S.C. § 1226(a), which only concerns detention while removal proceedings are pending, is inapplicable here. Under 8 U.S.C. § 1231(a)(2), Petitioner may be mandatorily detained for at least 90-days from the date of her reinstated order of removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). As Petitioner's removal order was reinstated on May 22, 2026, this 90-day period has not yet expired.

## IV. CONCLUSION AND ORDER

The petition is dismissed without prejudice to Petitioner re-filing later if her continued detention becomes unconstitutionally prolonged. Her motion for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: July 6, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California